UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY J. GRIMES,<br><br>    Petitioner,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIV. 16-5057-JLV<br><br>ORDER |

  Petitioner Jeffrey Grimes, appearing *pro se,* filed a motion (Docket 1) pursuant to 28 U.S.C. § 2255 ("2255 Motion") to vacate or set aside his criminal conviction in United States v. Jeffrey J. Grimes, CR-11-50029 (D.S.D. 2011) ("Grimes I").[1] In this 2255 Motion ("Grimes III"), Mr. Grimes asks the court to vacate his sentence and conduct a new sentencing hearing consistent with the holding of Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). (Docket 2).

  Neil Fulton, the Federal Public Defender for the Districts of South Dakota and North Dakota, filed a motion on Mr. Grimes' behalf to hold the current 2255 Motion in abeyance as the Supreme Court had granted a writ of certiorari in a case which would resolve the issues pending in this case. (Docket 7 at p. 1) (referencing Beckles v. United States, No. 15-8544, 2016 WL 1029080 (S. Ct.

---

[1]This is Mr. Grimes' second 2255 Motion. See Grimes v. United States, CIV. 14-5030 (D.S.D. 2014) ("Grimes II"). In Grimes II, the court dismissed Mr. Grimes' petition with prejudice and declined to issue a certificate of appealability. (CIV. 14-5030, Docket 42 at p. 3). The United States Court of Appeals for the Eighth Circuit denied Mr. Grimes' application for a certificate of appealability and dismissed the appeal. Id., Docket 53 at p. 3.

June 27, 2016)).   The court granted a stay pending resolution of Beckles.
(Docket 8).

Following the Supreme Court's decision in Beckles, ___ U.S. ___, 137 S. Ct. 886 (March 6, 2017), Federal Public Defender Fulton filed a motion for voluntary dismissal of Mr. Grimes' 2255 Motion pursuant to Fed. R. Civ. P. 41(a)(1)(i). (Docket 9).   On the same day, Mr. Grimes filed a *pro se* motion asking the court to appoint counsel to permit him to pursue his 2255 Motion.   (Docket 10).

In Grimes I, Mr. Grimes was convicted of all 19 counts of a superseding indictment.   (CR-11-50029, Docket 64).   The court sentenced Mr. Grimes to 24 months of imprisonment on counts 1-3,[2] to run concurrent with each other; 24 months of imprisonment on counts 4-17,[3] to run concurrent with each other, but consecutive to the sentence imposed on counts 1-3; 120 months of imprisonment on count 18[4] to run consecutive to all other sentences imposed; and 120 months of imprisonment on count 19 to run consecutive to all other sentences imposed.   Id., Docket 92 at p. 2.   The total term of imprisonment imposed was 288 months, or 24 years.   Id.

---

[2]Counts 1-3 charged the offense of mailing threatening communications in violation of 18 U.S.C. § 876(d).   (CR-11-50029, Docket 49 at pp. 1-2).

[3]Counts 4-5 charged the offense of repeated telephone calls in violation of 47 U.S.C. § 223(a)(1)(D); counts 6-11 charged the offense of anonymous telephone harassment in violation of 47 U.S.C. § 223(a)(1)(C); and counts 12-17 charged the offense of repeated harassing communication in violation of 47 U.S.C. § 223(a)(1)(E).   (CR-11-50029, Docket 49 at pp. 2-4).

[4]Counts 18-19 charged the offense of stalking in violation of 18 U.S.C. §§ 2261A(2), 2261(b)(5) & (6) & 2265A(a).   (CR-11-50029, Docket 49 at p. 5).

On appeal to the United States Court of Appeals for the Eighth Circuit, the court held that counts 12-17 were multiplicitous and should have been charged as a single count. United States v. Grimes, 702 F.3d 460, 469 (8th Cir. 2012). The Eighth Circuit did not remand for resentencing as each of the sentences for counts 12-17 were to run concurrent with each other.[5] Id.

In Johnson, the Supreme Court held section 924(e)(2)(b), (the "residual clause") of the Armed Career Criminal Act of 1984 ("ACCA"), was vague and violated the due process clause. "[I]mposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. The decision in Johnson did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

Mr. Grimes was not sentenced under the residual clause of the ACCA. See id., 135 S. Ct. at 2555 (citing 18 U.S.C. § 924(e)(2)(B)) ("Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.' "). Mr. Grimes was not convicted of any firearm offense. The ACCA

---

[5]The Eighth Circuit vacated counts 13-17, including the $100 special assessment associated with those five counts. Grimes, 702 F.3d at 469.

does not apply to Mr. Grimes' crimes of conviction.   Mr. Grimes' 2255 Motion fails to state a Johnson claim.

In Beckles, the Supreme Court held the United States Sentencing Guidelines, including § 4B1.2(a)'s residual clause, were not subject to vagueness challenges under the Due Process Clause.   Beckles, ___ U.S. ___, 137 S. Ct. 886 (March 6, 2017).   "Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences.   To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.   Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."   Id.

Mr. Grimes' presentence investigative report ("PSR") did include consideration of U.S.S.G. § 4B1.1.[6]   (PSR at p. 13 ¶ 63); see also id. at p. 13 n.4.   Because "Mr. Grimes had two prior felony convictions for crimes of violence—kidnapping and aggravated stalking—and . . . [a] current conviction . . . for mailing a threatening communication, which was also a crime of violence . . . Mr. Grimes was categorized as a career offender and placed in criminal history category VI."   (Civ. 14-5030, Docket 30 at pp. 13) (referencing U.S.S.G. § 4B1.1).   Section 4B1.1 provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense;

---

[6]The 2011 edition of the United States Sentencing Guidelines Manual was used in Mr. Grimes' case.   (PSR at p. 9 ¶ 17).

4

and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a). The minimum criminal history for a career offender is category VI. Id. at § 4B1.1(b).

At sentencing the court concluded an upward departure from the advisory U.S.S.G. range of 140-175 months was appropriate because of the number of victims and the duration of Mr. Grimes' criminal conduct over the course of almost four years. (CR-11-50029, Docket 122 at pp. 257:5 and 279:15-281:14). The court also departed upward because the Guidelines did not adequately protect the public from future criminal conduct by Mr. Grimes. Id. at pp. 281:23-283:2. The court made it clear that if the career offender provisions of the Guidelines did not apply or if the court did not depart upward, the sentence would be the same under 18 U.S.C. § 3553(a). Id. at pp. 286:2-8. With these rulings, the court imposed a sentence totaling 24 years. Id. at p. 287:6-7.

Mr. Grimes does not have a valid Beckles claim. The Guidelines only suggest a range of months for sentencing purposes. The court chose to upward depart under the Guidelines but also made clear the sentencing outcome was the same in applying 18 U.S.C. § 3553(a).

**ORDER**

Accordingly, it is

ORDERED that the motion for voluntary dismissal (Docket 9) is granted.

IT IS FURTHER ORDERED that the 2255 Motion (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that the motion for appointment of counsel (Docket 10) is denied as moot.

IT IS FURTHER ORDERED that the motion for leave to proceed *in forma pauperis* (Docket 3) is denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, the court declines to issue a certificate of appealability.

Although the court declines to issue a certificate of appealability, Mr. Grimes may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated June 26, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE